IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM B. DUREN                                                                 PLAINTIFF

v.                            Civil No. 06-4053

MIKE WADE; and RICK
STONE, both of the Miller
County Correctional Facility                                     DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

William B. Duren, currently an inmate in the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 19, 2006, in the Eastern District of Arkansas. He proceeds pro se and in forma pauperis.

On June 30, 2006, he filed the instant motion for preliminary injunction (Doc. 8). By order entered on July 10, 2006, the case was transferred to this district.

The file was received in this district on July 17, 2006. The court has just directed service of the complaint on the defendants. The motion for preliminary injunction is now before the undersigned for report and recommendation.

### BACKGROUND

According to the allegations of the complaint, in August of 2005, while Duren was incarcerated at the Miller County Correctional Facility, Mike Wade and Rick Stone used excessive force against him. Duren contends he was physically assaulted by both Wade and Stone without provocation and that mace was also used against him.

-1-

As a result of the use of force, Duren asserts he had bruises, scrapes, cuts, and abrasions on his neck and facial area. Despite the fact that he had done nothing to provoke the use of force, Duren states he was placed on lock-down for five days. Duren also maintains Stone turned the water to Duren's cell off so that he could not wash off the mace.

Duren seeks an award of compensatory and punitive damages from each defendant. He also asks for an award of fees, costs, and attorneys' fees.

## DISCUSSION

In his motion for preliminary injunction, Duren asserts that he is being denied access to the law library at the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction (ADC). Duren states he has put in several requests for access to the library to both the law library supervisor, Mr. Puckett, and to library officer, Mrs. White, but has not received any of the legal cases, legal material, or legal assistance he has requested.

Duren asks this court to order the supervisor or a designated officer of the EARU law library to escort Duren to the library at least once a week so that he may receive legal cases and legal material. Further, he asks the court to order the supervisor of the library to follow ADC policy with respect to allowing inmates access to the law library.

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors: (1) the probability of success on the merits;(2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an

injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

In this case, it is clear Duren is not entitled to injunctive relief against the ADC. The ADC is not a party to this lawsuit and neither it, nor any of its officers or employees, are alleged to have been involved in anyway in the incidents at issue in this case. Rule 65(d) provides that an injunction or restraining order is "binding only upon the parties . . . their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). *See also Pediatric Specialty Care, Inc. v. Arkansas Dept. of Human Services*, 364 F.3d 925, 933 (8th Cir. 2004). Moreover, Duren is seeking injunctive relief on a claim totally unrelated to the causes of action asserted in this case.

## CONCLUSION

I therefore recommend Duren's motion for an injunction or temporary restraining order be denied.

**Duren has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

AO72A
(Rev. 8/82)

**may result in waiver of the right to appeal questions of fact. Duren is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of August 2006.

                                              /s/ Bobby E. Shepherd
                                              UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)